UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANERIS RODRIGUEZ MEJIA, *as Parent and Natural Guardian of E.D. and Individually*, <br><br>     Plaintiff, <br><br>     v. <br><br>DAVID C. BANKS, *in his Official Capacity as Chancellor of the New York City Department of Education, et al.*, <br><br>     Defendants. | 23 Civ. 6401 (DEH) <br><br> OPINION <br> AND ORDER |

DALE E. HO, United States District Judge:

  Plaintiff Janeris Rodriguez Mejia brings this action against the New York City Department of Education ("DOE") and David C. Banks (collectively "Defendants"), pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1401 *et seq*. Plaintiff seeks an order reversing the determination of the State Review Officer ("SRO") and requiring the DOE to fund her child E.D.'s educational placement at the International Institute for the Brain ("iBRAIN" or "the School") and transportation costs for a portion of the 2021-22 school year ("SY"). *See* Pl.'s Mem. 8, ECF No. 52. Plaintiff moves for summary judgment, *see* ECF No. 49, and the Defendants cross-move for summary judgment, *see* ECF No. 56. For the reasons given below, the Plaintiff's motion for summary judgment is **DENIED** and Defendants' motion for summary judgment is **GRANTED**.

BACKGROUND

  **I. The IDEA's Legal Framework**

  The IDEA requires any school district that receives funding assistance under the Act to provide a "free appropriate public education" ("FAPE") to every child with a disability. 20

U.S.C. § 1412(a)(1)(A); *see also id.* § 1401(9) (defining FAPE). The DOE creates an Individualized Education Program ("IEP") for each student with disabilities before the beginning of every school year. *See* 20 U.S.C. § 1414(d). If a parent or guardian disagrees with the contents of an IEP, they may demand an administrative due process hearing. *See* 20 U.S.C. § 1415(b)(6), (f)(1)(A). The State of New York "has implemented a two-tier system of administrative review," *Mackey ex rel. Thomas M. v. Bd. of Educ. for the Arlington Cent. Sch. Dist.*, 386 F.3d 158, 160 (2d Cir. 2004)[1]—first, an impartial hearing before an Impartial Hearing Officer ("IHO"), *see* N.Y. Educ. Law § 4404(1)(a), 20 U.S.C. § 1415(f)(1)(A); and second, either party may appeal the IHO's decision to a State Review Officer ("SRO"), *see* N.Y. Educ. Law § 4404(2). Either party may then seek a review of the SRO decision by bringing a civil action in federal court. *See* 20 U.S.C. § 1415(i)(2)(A).

A parent who believes that their child's IEP fails to comply with statutory requirements may, at their own financial risk, unilaterally remove their child from the IEP's proposed public school and place them in a non-public school. *See* 20 U.S.C. § 1412(a)(10)(C); *see Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir. 2020) ("[W]hen the Parents unilaterally enrolled the students at iBRAIN, the Parents did so at their own financial risk."). Parents can obtain reimbursement from the school district if they satisfy a three-part test that has come to be known as the *Burlington-Carter* test.[2] *Id.* at 526. Under that test, reimbursement is appropriate where: (1) the school district's recommended placement does not comply with the

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[2] *See Sch. Comm. of Burlington, Mass. v. Dep't of Educ.*, 471 U.S. 359, 373-74, (1985) ("Burlington"); s*ee also Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7, 15-16 (1993) ("Carter").

IDEA; (2) the placement favored by the parent is appropriate given the needs of the child; and (3) equitable considerations favor reimbursement. *See E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 451 (2d Cir. 2014); *see also Ventura de Paulino*, 959 F.3d at 526; *accord Carter*, 510 U.S. at 12.

As relevant here, the IDEA requires that parents notify a school district at least ten business days "prior to the removal of child from [a] public school," and then place their child at a non-public school. *See* 34 C.F.R. § 300.148(d)(1)(ii). The Ten-Day Notice ("TDN") requirement gives "school districts an opportunity to discuss with parents their objections to the IEP and to offer changes to the IEP designed to address those objections." *Bd. of Educ. of Yorktown Cent. Sch. Dist. v. C.S.*, 990 F.3d 152, 171 (2d Cir. 2021); *see e.g. G.B. v. N.Y.C. Dep't of Educ.*, 145 F. Supp. 3d 230, 257 (S.D.N.Y. 2015). In determining whether to award tuition reimbursement to a parent who enrolls their child in a non-public school, courts have the discretion to consider compliance with the TDN requirement under the third *Burlington-Carter* factor (i.e., the equities). *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 247 (2009) ("[C]ourts retain discretion to reduce the amount of a reimbursement award if the equities so warrant—for instance, if the parents failed to give the school district adequate notice of their intent to enroll the child in private school.").

## II. Factual Background[3]

Plaintiff is a parent and guardian of E.D., a 13-year-old boy classified with multiple disabilities, *see* R. 133-134, including spastic quadriplegia and cerebral palsy. R. 134. E.D. is

---

[3] The parties agreed to rely exclusively on the administrative record for their cross-summary judgment motions. *See* ECF No. 45. The following facts are taken from the administrative record, *see* ECF No. 48, and the parties' motions, *see* ECF Nos. 49, 52, 56-61. The facts are undisputed unless otherwise stated. The Court cites to the record as "R." with the corresponding Bates stamped number.

non-ambulatory and non-verbal. R. 134, 141. E.D. has highly intensive management needs, requiring highly individualized attention in school. R. 179. Plaintiff rejected the IEP and unilaterally enrolled E.D. in iBRAIN on May 2, 2022, for approximately two months through the end of the 2021-22 school year. *See* R. 180, 472.

On October 18, 2022, Plaintiff filed a due process complaint. *See* Pl.'s Mem. 9. The case was assigned to an independent hearing officer ("IHO") on January 9, 2023. R. 042. An impartial hearing was held on February 28 and March 1, 2023. *See* R. 043. On March 2, 2023, the IHO issued a Findings of Fact and Decision ("FOFD"). With respect to the first prong of the *Burlington-Carter* test, the IHO found that E.D. was denied a FAPE. R. 042. As to the second prong, the IHO observed that "it is not entirely clear what [the] School's actual program consists of," noting that there was an absence of testimony by the "Student's teachers or her [sic] related-service providers." R. 047. Nevertheless, the IHO concluded that Plaintiff "has established the bare minimum in meeting their Prong II burden" based on "the testimony of [the Director of the School]," and found that iBRAIN was an appropriate placement for E.D. *Id.* at 047-48.

With regards to the third prong, however, the IHO determined that the equities did not support any funding for the 2021-22 SY and supported only a reduced award for the 2022-23 SY. *See* R. 049-053, 081. The IHO denied Plaintiff's requested relief for the 2021-22 SY in part because "[t]here [was] no evidence in the record that [Plaintiff] provided the DOE with [the requisite] Ten-Days' Notice." R. 049. The IHO further noted that the School "was not truthful in its responses to . . . document subpoenas" from DOE, and that witnesses from the School who were subpoenaed by the DOE provided no response to the subpoenas and failed to appear at the hearing. R. 050. The IHO made "a negative inference as to why documents were not produced and why witnesses were not made available," found that "[t]he only reasonable conclusion is that evidence was withheld because the evidence could have been detrimental to Parent's case," and

4

concluded that the "requested relief for the 2021-2022 school year is not appropriate and is denied." *Id.* *See also* R. 053 (describing similar findings for the 2022-23 SY).

On April 11, 2023, Plaintiff appealed the IHO decision to the Office of State Review. R. 079-80. Defendants then answered and cross-appealed. *Id.* The matter was assigned to State Reviewing Officer ("SRO") Harrington. R. 039. On appeal, Plaintiff sought to overturn the IHO's rulings: (1) denying funding for the 2021-22 SY, and (2) providing for a reduced award for the 2022-23 SY. R. 081.

As to the latter issue, the SRO reversed the IHO, and granted full reimbursement for the 2022-23 SY. R. 039. The SRO reasoned that, given the IHO's "initial determination that iBrain was an appropriate unilateral placement for the student," which the SRO affirmed, it was error for the IHO to reduce the tuition and transportation services award for the 2022-23 SY. R. 038.

But as to the 2021-22 SY, the SRO affirmed the IHO's denial of reimbursement. *Id.* On appeal, Plaintiff sought to show that she complied with the TDN requirement by presenting new documents not submitted at the IHO hearing, including "an April 22, 2022 ten-day written notice letter" (the "April 22 Letter"). R. 028. The SRO declined to consider the April 22 Letter. First, the SRO noted that "[g]enerally, documentary evidence not presented at an impartial hearing may be considered on appeal . . . only if such additional evidence could not have been offered at the time of the impartial hearing and the evidence is necessary in order to render a decision." R. 028-29. Here, there was no dispute that "the April 22 ten-day notice letter was available at the time of the impartial hearing and was omitted." R. 029. But because the letter was not presented at the hearing, "the district did not have the opportunity to argue that it was not received." *Id.* The SRO also noted that there was "no evidence that the letter was sent to the district," and then declined to exercise discretion to accept the letter as additional evidence. *Id.* Given the absence of any evidence in the record that Plaintiff had satisfied the TDN required, the SRO ruled that

there was no basis to overturn the IHO's decision to deny relief as to the 2021-22 SY. *See generally* R. 039.

### III. Procedural History

On July 24, 2023, Plaintiff filed this case seeking reversal of the SRO's decision. *See* Compl., ECF No. 1. Two days later, on July 26, 2023, Plaintiff filed a motion for a preliminary injunction. *See* ECF Nos. 9-10. Following a hearing on August 14, 2023, the Court denied preliminary relief. *See* ECF No. 22. On October 28, 2023, the matter was reassigned to the undersigned. See Oct. 28, 2023, Min. Entry. On January 9, 2024, Plaintiff filed her motion for summary judgment, *see* ECF No. 49. On February 16, 2024, Defendants cross-move for summary judgment, *see* ECF No. 56. Both motions are now fully briefed.

## LEGAL STANDARDS

"In a district court proceeding under the IDEA, the parties and the court typically style the decision as a ruling on a motion for summary judgment, but 'the procedure is in substance an appeal from an administrative determination, not a summary judgment motion.'" *Bd. of Educ. of Yorktown Cent. Sch. Dist.*, 990 F.3d at 165 (*quoting M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012)). In contrast to an "ordinary summary judgment motion," however, "the existence of a disputed issue of material fact will not necessarily defeat the motion." *Bd. of Educ. of N. Rockland Cent. Sch. Dist. v. C.M.*, No. 16 Civ. 3924, 2017 WL 2656253, at *7 (S.D.N.Y. June 20, 2017), *aff'd sub nom. Bd. of Educ. of N. Rockland Cent. Sch. Dist. v. C.M. ex rel. P.G.*, 744 F. App'x 7 (2d Cir. 2018). In the IDEA context, a summary judgment motion "functions as an appeal from an administrative decision." *Id.* (c*iting T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252 (2d Cir. 2009); *accord Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d Cir. 2005) (collecting cases).

"The district court therefore engage[s] in an independent review of the administrative record and make[s] a determination based on a preponderance of the evidence." *Bd. of Educ. of Yorktown Cent. Sch. Dist.*, 990 F.3d at 165.  The Court must, therefore, "engage in an independent, but circumscribed, review, more critical than clear-error review but well short of complete *de novo* review." *T.K. v. N.Y.C. Dep't of Educ.*, 810 F.3d 869, 875 (2d Cir. 2016).  In conducting an independent review, a court "must give due weight to [the state administrative] proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy."[4]  *M.H.*, 685 F.3d at 240.

Where an IHO and SRO reach conflicting conclusions, "a court must defer to the SRO's decision on matters requiring educational expertise unless it concludes that the decision was inadequately reasoned." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012).  The Second Circuit has cautioned, "[w]hile this Court does not simply rubber stamp administrative decisions . . . review of the administrative decision is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Mr. P v. W. Hartford Bd. of Educ.*, 885 F.3d 735, 748 (2d Cir. 2018) (quoting *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998) and *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)).

---

[4] Courts in this district have applied this "due weight" standard by giving the administrative decisions varying levels of deference depending on the quality and nature of the decision. *Compare Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 191 (2d Cir. 2005) (applying "IDEA's statutory scheme requires substantial deference to state administrative bodies on matters of educational policy") *with Tobuck v. Banks*, No. 23 Civ. 1356, 2024 WL 1349693, at *4 (S.D.N.Y. Mar. 29, 2024) (noting that "[o]n questions of law, the standard of review is de novo").

**DISCUSSION**

The issue before the Court on these cross-motions is narrow: Plaintiff seeks reversal of the SRO Decision insofar as it denies Plaintiff's relief for the approximately two months of 2021-22 SY that E.D. attended iBRAIN, due to failure to comply with the TDN requirement. *See* Pl.'s Mem. 8. Plaintiff makes various arguments, but in substance, they boil down to two contentions.

First, Plaintiff argues that the SRO incorrectly found that Plaintiff had failed to satisfy the TDN requirement. Although she failed to submit evidence of compliance with the TDN requirement before the IHO, Plaintiff contends that the SRO erred on appeal by not accepting the April 22 Letter into evidence. *See id.* at 30. Plaintiff further contends that, even excluding the April 22 Letter, the SRO erred in concluding that she failed to comply with the TDN requirement, because there was no evidence that she had failed to do so. *See id.* at 26, 29.

Second, Plaintiff argues that the SRO erred in ruling that the failure to comply with the TDN requirement bars Plaintiff from recovering tuition and transportation costs for the 2021-22 SY. Pl.'s Mem. 17. Plaintiff contends that the SRO's determination in this regard is not entitled to deference, *see id.* at 20-24, and that a proper balancing of the equities would favor an award for that SY, *see id.* at 15, 23. That is, even if Plaintiff had failed to comply with the TDN requirement, Plaintiff argues that, under the facts of the case, she is entitled to reimbursement for tuition and transportation for the final two months of the 2021-22 SY. *See id.* at 14-15.

The Court considers each argument in turn below.

    **I.**    **Failure to Comply with the TDN Requirement**

        *a. The SRO's Evidentiary Ruling*

Plaintiff challenges the SRO's evidentiary decision not to consider the April 22 Letter as erroneous, arguing that the SRO should have considered it as part of Plaintiff's appeal, or

8

remanded the matter to the IHO for further findings. Pl.'s Mem. 30.

The Court concludes that the SRO's decision not to consider the April 22 Letter was not inappropriate, and is entitled to deference. Under the "modified *de novo* standard" applicable in IDEA cases, a district court "must defer to the IHO's and SRO's determinations regarding procedural . . . issues." *Landsman v. Banks*, No. 23 Civ. 6404, 2024 WL 3605970, at *2 (S.D.N.Y. July 31, 2024) (internal quotation marks and citation omitted). This deference applies to evidentiary rulings. *See B.D. v. Eldred Cent. Sch. Dist.*, 661 F. Supp. 3d 299, 319 (S.D.N.Y. 2023) (declining to disturb evidentiary rulings of IHO and SRO).

Plaintiff fails to establish that the SRO's decision not to consider the April 22 Letter was "insufficiently reasoned or supported" to warrant deference. *Phillips v. Banks*, No. 23-362, 2024 WL 1208954, at *2 (2d Cir. Mar. 21, 2024). The SRO explained at length its reasoning in declining to consider the April 22 Letter. *See* R. 028-29. The SRO began by noting the general rule against considering new evidence on appeal that was available at the time of an impartial hearing but was not submitted to an IHO. *Id.* As the SRO explained, this rule is important because it "encourage[s] full development of an adequate hearing record at the first tier to enable the IHO to make a correct and well supported determination and to prevent the party . . . from withholding." *Id.* at 029 (citing *M.B. v. N.Y.C. Dep't of Educ.*, No. 14 Civ. 3455, 2015 WL 6472824, at *2-3 (S.D.N.Y. Oct. 27, 2015); *A.W. v. Bd. of Educ. of the Wallkill Cent. Sch. Dist.*, No. 14 Civ. 1583, 2015 WL 1579186, at *2-4 (N.D.N.Y. Apr. 9, 2015)). Next, the SRO noted that "the parent concedes that the . . . ten-day written notice was available at the time of the impartial hearing and was omitted from her documentary evidence in error." *Id.* Given that Plaintiff provided no explanation for her failure to submit the April 22 Letter before the IHO, the SRO declined to exercise discretion to consider it, and adhered to the general rule that the record on appeal in IDEA cases should be limited to what was presented at the impartial hearing.

Under these facts, the SRO made a reasoned evidentiary ruling and did not err in declining to consider the April 22 Letter. Applying the appropriate deferential standard for evidentiary rulings in IDEA administrative proceedings, a recent decision by a court in this district affirmed an SRO's decision not to consider a newly submitted TDN letter on appeal under similar circumstances. *See Landsman*, 2024 WL 3605970, at *3. Here, as in *Landsman*, Plaintiff provides no explanation for her failure to submit the purported TDN letter before the IHO, despite its availability at the time of the initial hearing. *See id.* As the court in *Landsman* held, the SRO did not err in ruling that "Plaintiff's inexplicable failure to submit [the Ten-Day Notice] during the IHO hearing barred her from taking another bite at the apple." *Id.* That is especially the case where, as here, "Plaintiff was . . . represented at the IHO hearing by lawyers who are well-versed in the requirements for reimbursement of tuition following a unilateral placement." *Id.* (citing cases in which plaintiffs represented by the same counsel in this case, the Brain Injury Rights Group, complied with the TDN requirement). "Because the SRO's decision to exclude the belatedly-proffered evidence is entitled to deference, . . . the Court holds that the SRO did not err in refusing to allow Plaintiff to submit new evidence." *Id.* (internal citation omitted).[5]

### b.   *Plaintiff's Request for the Court to Consider the April 22 Letter*

Notwithstanding the SRO's decision not to consider the April 22 Letter, Plaintiff argues that this Court should do so. *See* Pl.'s Mem. 26. "Federal courts reviewing administrative determinations under the IDEA must base their decisions on the preponderance of the evidence,

---

[5] Throughout her brief, Plaintiff vigorously argues the SRO's decision is not entitled to deference—but, in substance, Plaintiff's arguments on deference address the merits of the SRO's balancing of the equities—in particular, the decision to apply the TDN requirement strictly to bar Plaintiff from recovery, *see, e.g.*, Pl.'s Mem. 20-26; Pl.'s Opp'n 8, ECF No. 60. Those arguments that are addressed *infra*. Plaintiff does not offer any reason why the SRO's *evidentiary* decision not to consider the April 22 Letter should not receive deference.

taking into account . . . any further evidence presented before the District Court by the parties," *Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 380 (2d Cir. 2003). Because the Second Circuit has "yet to address the standard for admitting additional evidence in an IDEA proceeding," *L.V. v. Rye City Sch. Dist.*, No. 22 Civ. 4255, 2023 WL 5744421, at *2 (S.D.N.Y. Sept. 6, 2023), courts in this district have adopted the approach set by the First Circuit in *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773 (1st Cir. 1984). Under that approach, a district court has discretion in determining whether to consider additional evidence not considered during administrative proceedings. *See N.J. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6173, 2021 WL 965323, at *7 (S.D.N.Y. Mar. 15, 2021) (collecting cases); *accord Town of Burlington*, 736 F.2d. at 791 ("The determination of what is 'additional' evidence must be left to the discretion of the trial court"). A court must "be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo." *K.M. v. Katonah-Lewisoboro Union Free Sch. Dist.*, No. 19 Civ. 9671, 2020 WL 4038354, at *5 (S.D.N.Y. July 17, 2020). Courts have, therefore, declined to exercise their discretion to consider additional evidence when equitable considerations weigh against doing so. *See, e.g.*, *M.B.*, 2015 WL 6472824, at *2 (S.D.N.Y. Oct. 27, 2015) ("[A] lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case").

Here, the Court declines to consider the April 22 Letter for the same reasons that the SRO refused to do so. As noted, *supra*, that evidentiary ruling is entitled to deference. Indeed, while the Letter is dated April 22, 2022, and states that it was submitted via email, *see* R. 131-32, the SRO noted that "there is no evidence that the letter was sent to the district," R. 029, such as a cover email to which the April 22 Letter was attached. And, in any event, even assuming that it was sent, the April 22 Letter did not satisfy the TDN requirement, which requires that notice be

11

given to the school district at least "10 *business* days of prior to the removal of the child from the public school." 20 U.S.C. § 1412(a)(10)(C)(iii)(I) (emphasis added). Here, Plaintiff concedes that the April 22 Letter was untimely, as it was purportedly sent only "six business days" before "E.D. started at iBRAIN on May 2, 2022." Pl.'s Mem. 27 n.5. *See* R. 472, 479, 480, 791. *Cf. Landsman*, 2024 WL 3605970, at *3 (finding no error in SRO's refusal to consider late-submitted TDN letter where the letter was itself untimely).

      c. ***The SRO's Finding that Plaintiff Failed to Satisfy the TDN Requirement***

  Plaintiff nevertheless argues that, even without the April 22 Letter, it was still an error for the SRO to find that she failed to comply with the TDN requirement, protesting that "**there is NO evidence that Plaintiff failed to give DOE the required notice**," Pl.'s Mem. 29 (emphasis in original). But it is unclear how the school district could have proved such a negative (or why it would attempt to do so when there was no TDN letter submitted before the IHO). The absence of evidence affirmatively showing that Plaintiff failed to provide the requisite TDN is not a reason to conclude that Plaintiff actually did comply with it. In any event, even the April 22 Letter that Plaintiff proffers was itself untimely, as it was submitted only six business days before E.D.'s enrollment at iBrain. *See supra*; *cf. Landsman*, 2024 WL 3605970, at *3. Viewing the record as a whole, the SRO found that Plaintiff had not complied with the TDN requirement. And given that "the SRO's[] evaluation of [ ] evidence is entitled to deference," *M.M. v. N.Y.C. Dep't of Educ.*, No. 15 Civ. 5846, 2017 WL 1194685, at *7 (S.D.N.Y. Mar. 30, 2017), this Court cannot conclude that the SRO erred in finding that Plaintiff failed to satisfy the TDN requirement. *Cf. Landsman*, 2024 WL 3605970, at *5 (affirming SRO's exclusion of the proffered notice letter, and concluding that Plaintiff failed to give requisite TDN).

  Plaintiff argues that this inappropriately places the burden of proof on her rather than on the school district, *see* Pl.'s Opp'n 16-17, but as noted, Plaintiff's proffered evidence only shows

that the April 22 Letter was untimely and did not comply with the TDN requirement. In any event, "[r]egardless of who has the burden of proof, it is clear that the DOE prevailed [on this issue] at the SRO level," *W.T. & K.T. ex rel. J.T. v. Bd. of Educ. of Sch. Dist. of N.Y.C.*, 716 F. Supp. 2d 270, 287 (S.D.N.Y. 2010), and "[o]n appeal to a federal court . . . the burden of demonstrating that an SRO ruled incorrectly falls on the party challenging that decision." *B.D. v. Eldred Cent. Sch. Dist.*, 661 F. Supp. 3d 299, 311 (S.D.N.Y. 2023). Plaintiff has not established that the SRO did so here.[6]

## II.     The Equities

Plaintiff's second argument is that the SRO's determination that her failure to comply with the TDN requirement barred recovery in this case is not owed any deference, and is incorrect on the merits.

First, Plaintiff argues that the SRO's opinion is not entitled to deference because it was inadequately reasoned. *See* Pl.'s Mem. 22-26; Pl.'s Opp'n 8. The Court disagrees. When a party seeks to "overturn an SRO's decision, they bear the burden of demonstrating that the decision was insufficiently reasoned or supported." *Phillips*, 2024 WL 1208954, at *2. Plaintiff has not met that burden here. A review of the SRO's twenty-four-page decision reveals that it is thorough, well-reasoned, and supported by the administrative record. *See* R. 016-39 ("SRO Decision"). The SRO thoughtfully considered Plaintiff's arguments, and ruled in Plaintiff's

---

[6] While the IDEA itself places the burden of proof on a party challenging an IEP placement, *see Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 62 (2005), New York statutory law provides that, in IDEA cases, the school district shall bear the burden of proof at an impartial hearing, "except that a parent or person in parental relation seeking tuition reimbursement for a unilateral parental placement shall have the burden of persuasion and burden of production on the appropriateness of such placement." N.Y. Educ. Law § 4404(1). The Second Circuit has not "resolve[d] the question . . . whether the State has the power to override the IDEA burden scheme" in this manner. *See M.H.*, 685 F.3d at 225 n.3. Regardless, in this posture and at this stage of the proceedings, "the burden of demonstrating that the [SRO] erred is properly understood to fall on the plaintiff[]." *Id.*

13

favor on one of the two issues (the IHO's determination to award only reduced funding for the 2022-23 SY.

Second, Plaintiff argues that the SRO's opinion is not entitled to deference because it concerns a matter of law rather than of educational policy, Pl.'s Mem. 20-22, and that on a *de novo* review of the administrative record reveals that Defendants' violations of E.D.'s right to a FAPE were so "monumental" that the equities demand a reimbursement for the 2021-22 SY. *See* Pl.'s Mem. 28. As an initial matter, Plaintiff is correct that the deference owed to the SRO may be "less weighty" when reviewing whether the equities support an award, because "where the issue in dispute is the balancing of the equities, [it is] a matter as to which district courts not only have particular expertise but also broad discretion." *A.R. ex-rel. F.P. v. N.Y.C. Dep't of Educ.*, No. 12 Civ. 4493, 2013 WL 5312537, at *5 (S.D.N.Y. Sept. 23, 2013).

But even on *de novo* review of the SRO's decision to deny the 2021-22 SY relief, the Court determines that the equities do not favor Plaintiff, due to Plaintiff's failure to provide the required TDN. While Plaintiff may be correct that failure to comply with the TDN requirement is not an absolute bar to recovery, the Supreme Court has made clear that "courts retain discretion to reduce the amount of a reimbursement award if the equities so warrant—for instance, if the parents failed to give the school district adequate notice of their intent to enroll the child in private school." *Forest Grove Sch. Dist.*, 557 U.S. at 247. Accordingly, "courts in this Circuit have found that the equities may warrant a reduction in the amount of a tuition award, sometimes even in full, where, as here, the parents failed to comply with the notice requirement in 20 U.S.C. § 1412, or otherwise exhibited uncooperative behavior." *Erde v. Banks*, No. 21 Civ. 9285, 2022 WL 18461297, at *6 (S.D.N.Y. Dec. 28, 2022), *report and recommendation adopted*, No. 21 Civ. 9285, 2023 WL 373156 (S.D.N.Y. Jan. 24, 2023).

After conducting Plaintiff's requested *de novo* review of the administrative record, the Court determines that, under the particular facts of this case, the equities do not favor Plaintiff with respect to reimbursement for the 2021-22 SY.  Plaintiff argues that providing TDN would have been futile because the school district would not have offered E.D. an adequate placement. *See* Pl.'s Mem. 24.  But there is no way to know that based on the record here; and the point of the TDN requirement is to give the school district a final, short opportunity to cure an inadequate placement before a student is unilaterally removed from a public school.  *See Bd. of Educ. of Yorktown Cent. Sch. Dist.*, 990 F.3d at 165.

Finally, as to Plaintiff's point about the extent of Defendants' violations, the court rejected a similar argument in *Landsman*.  *See* 2024 WL 3605970, at *5.  There, the plaintiff argued that "the equities weigh in her favor because DOE failed to provide a FAPE and the denial of a FAPE was so 'egregious' that it justifies reimbursement."  But as the court in *Landsman* explained, this

> argument conflates the first and third prongs of the relevant test. It is true that DOE failed to provide [the student] a FAPE and that denial resolves the first [*Burlington-Carter*] prong in Plaintiff's favor. That said, the first prong must be weighed against the third, under which courts typically assess the reasonableness of the parents' actions.

*Id.* (holding that equities weighed against parent due to failure to comply with the TDN requirement).  For the reasons explained above, the Court finds that the third *Burlington-Carter* prong weighs against reimbursement.

## CONCLUSION

For the reasons given above, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendants' motion for summary judgment.

The Clerk of Court is respectfully requested to terminate ECF Nos. 49, 56.

SO ORDERED.

Dated: September 27, 2024
New York, New York

_____
DALE E. HO
United States District Judge
